UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20638
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN DAVID BOYD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-88-CR-14-3)
_____
July 21, 1998

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Appellant Boyd was sentenced to 240 months imprisonment for counts of conspiring to manufacture and manufacturing methamphetamine, to be followed by an additional five years for carrying a firearm during and in relation to a narcotics trafficking offense. In this § 2255 motion, he challenges the constitutional effectiveness of his counsel, who made a sentencing

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error.  The district court found no basis for relief, and neither do we.

This court granted Boyd a COA to brief the issue whether his counsel was ineffective because he failed to note that one of the convictions underlying Boyd's criminal history score had occurred while he was a minor and therefore was to be excluded pursuant to USSG § 4A1.2.  The district court found, and the government concedes, that this error was made, and that if it had not occurred, Boyd would have been entitled to nine rather than ten criminal history points.  Based on the lower criminal history score, his guideline range would have been 210-262 months, rather than the 235-293 month range utilized by the district court.

The rub for Boyd is that the 240-month sentence actually assessed is well within both guidelines.  To establish constitutionally ineffective counsel on sentencing, however, a petitioner must show "a reasonable probability that but for trial counsel's errors his non-capital sentence would have been significantly less harsh." United States v. Segleer, 37 F.3d 1131, 1136 (5th Cir. 1994) (citing Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993)).  The district court concluded that Boyd had not met the burden of this test, and we agree.  Boyd has submitted excerpts from the transcript of his sentencing that, at best, indicate some ambivalence on the judge's part toward the 240-month sentence.  Those excerpts can also fairly be read, however, to be a means of inquiring of defense counsel whether any error had been made of the calculations, rather than regret that those

2

calculations led to an unduly high sentence.  Boyd has not met his burden of proof, and the sentence he received is not significantly more harsh than the alternative under the other guidelines range.

For these reasons, the judgment of the district court is AFFIRMED.[1]

---

[1] We do not consider the other issue raised by Boyd, as this court's COA did not permit him to proceed on it.

POLITZ, Chief Judge, dissenting:

Persuaded that Willie Russell invoked his right to appointed counsel under 21 U.S.C. § 848(q)(4)(B), I must respectfully dissent.

I cannot agree with the majority's assessment that counsel artfully crafted their language so as to avoid actually requesting the appointment of counsel for Russell. The pleadings do not reveal any such manipulation but, rather, demonstrate that Russell was requesting the appointment of counsel under section 848. The motion filed in the district court was entitled "Motion for Stay of Execution," but counsel stated that they were transmitting Russell's state court pleadings, and they did so. In those pleadings, Russell unequivocally requests the appointment of counsel through his handwritten, *pro se* correspondence and accompanying motion for appointment of counsel. Russell's intent to secure section 848 counsel is further demonstrated by his reply, entitled "Reply in Support of Motion for Stay of Execution and Appointment of Counsel," wherein he notes that nineteen exhausted challenges are available for federal review and, thus, appointment of counsel is permissible under section 848(q).

The district court, when denying a stay of execution, considered the appointment of counsel under section 848, but found that Russell was represented by direct appeal counsel and the two additional attorneys who filed the motion for stay. Accordingly, the court deemed **McFarland v. Scott**[2] inapplicable, and found that

---

[2] 512 U.S. 849 (1994).

the lack of a habeas corpus petition deprived it of jurisdiction to issue a stay.  I view these findings as error.

Under 28 U.S.C. § 2251, a "judge of the Unites States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding."  In **McFarland v. Scott** the Supreme Court held that once a capital defendant invokes his right to appointed counsel under 21 U.S.C. § 848(q)(4)(B), a federal court has jurisdiction under section 2251 to enter a stay of execution.  Contrary to the district court's finding, the lack of a federal habeas petition is inconsequential because the request for appointment of counsel constitutes a "habeas corpus proceeding" for purposes of section 2251.[3]  This view is totally consistent with the purpose of section 848 in providing defendants under a death sentence with a variety of expert and investigative services and counsel for the preparation of a federal habeas petition.[4]

Although **McFarland** involved a *pro se* petitioner, the holding thereof is not restricted to those instances because a petitioner may be unrepresented for purposes of section 848(q), and for pursuing habeas relief, even though counsel may have made appearances on the petitioner's behalf.  As the Court so cogently noted in **McFarland**, "requiring an indigent capital petitioner to

---

[3] **Id.**

[4] **Id.**

proceed without counsel in order to obtain counsel thus would expose him to the substantial risk that his habeas claims never would be heard on the merits."[5] Unlike other states, Mississippi does not provide publicly financed counsel for post-conviction collateral attacks and, therefore, there is no assurance that a petitioner will be represented by qualified counsel.[6] Section 848(q) on the other hand, requires counsel appointed to represent capital defendants in post-conviction proceedings to meet stringent experience criteria.[7] Accordingly, even if Russell's counsel on direct appeal and the two attorneys who sought a stay of execution on his behalf were deemed to be currently representing Russell, a proposition I do not accept,[8] a stay for the determination that Russell receives the section 848 qualified counsel to which he is entitled would be warranted.

In light of the foregoing, I would reverse and remand for further proceedings.

---

[5] **Id.** at 856.

[6] **See** Miss. Code § 99-39-23, § 99-15-15; **Harris v. State**, 704 So.2d 1286, 1292 (Miss. 1997).

[7] 21 U.S.C. § 848(q)(5)-(9).

[8] Finding that Russell's direct appeal counsel continues to represent him extends the state appointment to post-conviction proceedings in contravention with Mississippi's post-conviction scheme, and is contrary to counsels' intent as demonstrated by their lack of further involvement with the case. Further, by bootstrapping the two additional attorneys who filed the motion for stay into habeas representation on the eve of execution, despite their express declarations and requests against such, is grossly inequitable and, unfortunately, is likely to discourage such admirable efforts to obtain counsel for death row inmates.